**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

───────────────

**No. 15-1945**

───────────────

In Re: ERIC DUBOIS,

        Debtor.

----------------------

CHAILLE DUBOIS, f/k/a Chaille Gaines, f/k/a Candace DuBois,
f/k/a Candace Gaines, f/k/a Candi Gaines, f/k/a Candi
DuBois; KIMBERLY ADKINS,

        Plaintiffs - Appellants,

    v.

ATLAS ACQUISITIONS LLC,

        Defendant – Appellee,

    and

TIMOTHY P. BRANIGAN; NANCY SPENCER GRISBY,

        Trustees.

───────────────

Appeal from the United States Bankruptcy Court for the District
of Maryland, at Greenbelt.    Thomas J. Catliota, Bankruptcy
Judge.  (15-00110; 14-28589)

───────────────

Argued:  May 10, 2016                    Decided:  August 25, 2016

───────────────

Before DIAZ, FLOYD, and THACKER, Circuit Judges.

Affirmed by published opinion.    Judge Floyd wrote the majority
opinion, in which Judge Thacker joined.    Judge Diaz wrote a
dissenting opinion.

─────────────────

**ARGUED:** Morgan William Fisher, LAW OFFICES OF MORGAN FISHER LLC,
Annapolis, Maryland, for Appellants.    Donald S. Maurice, Jr.,
MAURICE WUTSCHER, LLP, Flemington, New Jersey, for Appellee.    **ON
BRIEF:** Courtney L. Weiner, LAW OFFICES OF MORGAN FISHER LLC,
Washington, D.C., for Appellants.    Alan C. Hochheiser, BUCKLEY
KING, LPA, Cleveland, Ohio, for Appellee.

─────────────────

FLOYD, Circuit Judge:

Appellants Kimberly Adkins and Chaille Dubois filed separate Chapter 13 bankruptcy petitions in the Bankruptcy Court for the District of Maryland. Appellee Atlas Acquisitions LLC (Atlas) filed proofs of claim in their bankruptcy cases based on debts that were barred by Maryland's statute of limitations.[1] The issue on appeal is whether Atlas violated the Fair Debt Collection Practices Act (FDCPA) by filing proofs of claim based on time-barred debts. We hold that Atlas's conduct does not violate the FDCPA, and affirm the bankruptcy court's dismissal of Appellants' FDCPA claims and related state law claim.

I.

The facts of Appellants' cases are similar. Adkins filed for Chapter 13 bankruptcy on August 29, 2014. Atlas filed two proofs of claim in her case. The first proof of claim indicated that Adkins owed Atlas $184.62 based on a loan that originated with payday lender Check N Go and that Atlas purchased from Elite Enterprise Services, LLC (Elite Enterprise) on September

---

[1] "A proof of claim is a form filed by a creditor in a bankruptcy proceeding that states the amount the debtor owes to the creditor and the reason for the debt." Covert v. LVNV Funding, LLC, 779 F.3d 242, 244 n.1 (4th Cir. 2015).

15, 2014.[2]  The proof of claim identified the last transaction date on the account as May 19, 2009.  Atlas's second proof of claim was for $390.00 based on a loan that originated with payday lender Impact Cash USA and that Atlas purchased from Elite Enterprise on November 18, 2014.  The proof of claim identified the last transaction date on that account as September 10, 2009.  It is undisputed that both debts were beyond Maryland's three-year statute of limitations when Atlas purchased and attempted to assert the debts in Adkins's bankruptcy case.  See Md. Code Ann., Cts. & Jud. Proc. § 5-101. Adkins neither listed the debts on her bankruptcy schedules nor sent a notice of bankruptcy to Atlas.

Dubois filed for Chapter 13 bankruptcy on December 6, 2014. Atlas filed a proof of claim for $135.00 based on a loan that originated with payday lender Iadvance and that Atlas purchased from Elite Enterprise on January 5, 2015.  The proof of claim identified the last transaction date on the account as October 18, 2008.  It is undisputed that this debt was also beyond

---

[2]  Atlas asks the Court to strike any allegation that the loans in this appeal originated with payday lenders.  However, the proofs of claim attached to Appellants' complaints indicate that Atlas itself designated the debts "payday."  See J.A. 55, 140.  Accordingly, we find this fact sufficiently alleged.  See Goines v. Valley Cmty. Servs. Bd., No. 15-1589, ---F.3d---, 2016 WL 2621262, at *2 (4th Cir. May 9, 2016) (explaining that on motion to dismiss, courts may consider documents attached to complaint as exhibits).

Maryland's statute of limitations when Atlas purchased and attempted to assert the debt in Dubois's bankruptcy case. Dubois did not list the debt on her bankruptcy schedules nor did she send a notice of bankruptcy to Atlas.

Adkins and Dubois filed separate adversary complaints against Atlas. Both objected to Atlas's claims as being time-barred and further alleged that Atlas violated the FDCPA by filing proofs of claim on stale debts. Appellants sought disallowance of Atlas's claims as well as damages, attorney's fees, and costs under the FDCPA.[3]

Atlas conceded that its claims were based on time-barred debts and stipulated to their disallowance. However, Atlas moved to dismiss Appellants' FDCPA claims under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim upon which relief could be granted. See Fed. R. Bankr. P. 7012(b) (incorporating Rule 12(b)(6) into adversary proceedings). After hearing consolidated oral arguments, the bankruptcy court concluded that filing a proof of claim does not constitute debt collection activity within the meaning of the FDCPA and granted Atlas's motion to dismiss. Pursuant 28 U.S.C. § 158(d)(2), we

---

[3] Dubois additionally alleged that Atlas violated the Maryland Consumer Debt Collection Act (MCDCA). Md. Code Ann., Com. Law § 14-201, et seq. The parties do not analyze the MCDCA separately from the FDCPA. Accordingly, neither do we.

permitted Appellants to appeal the bankruptcy court's decision directly to this Court.  We review the bankruptcy court's dismissal of Appellants' claims under Rule 12(b)(6) de novo. See, e.g., In re Mwangi, 764 F.3d 1168, 1173 (9th Cir. 2014); In re McKenzie, 716 F.3d 404, 412 (6th Cir. 2013).


## II.

Before addressing the substance of Appellants' claims, we provide a brief overview of the relevant statutes in this case: the Bankruptcy Code (the "Code") and the FDCPA.


## A.

"The principal purpose of the Bankruptcy Code is to grant a 'fresh start' to the 'honest but unfortunate debtor.'" Marrama v. Citizens Bank, 549 U.S. 365, 367 (2007) (quoting Grogan v. Garner, 498 U.S. 279, 286, 287 (1991)).  Through bankruptcy, the debtor's assets are collected for equitable distribution among creditors and his remaining debts are discharged.  See Covert v. LVNV Funding, LLC, 779 F.3d 242, 248 (4th Cir. 2015); In re Jahrling, 816 F.3d 921, 924 (7th Cir. 2016).  A bankruptcy debtor must file with the bankruptcy court a list of creditors, a schedule of assets and liabilities, and a statement of the debtor's financial affairs.  11 U.S.C. § 521(a)(1).  "[B]eing all-inclusive on the schedules is consistent with the Code's

principle of honest and full disclosure." In re Vaughn, 536 B.R. 670, 676 (Bankr. D.S.C. 2015). Scheduling a debt notifies the creditor of the bankruptcy and of the creditor's opportunity to file a proof of claim asserting a right to payment against the debtor's estate. See id. at 679; 11 U.S.C. § 501(a).

The bankruptcy court may "allow" or "disallow" claims from sharing in the distribution of the bankruptcy estate. 11 U.S.C. § 502. In Chapter 13 proceedings, allowed claims are typically paid, either in whole or in part, out of the debtor's future earnings pursuant to a repayment plan proposed by the debtor and confirmed by the bankruptcy court. See id. § 1322(a)(1); 4-501 Collier on Bankruptcy ¶ 501.01 (Collier). Upon completion of all payments under the plan, the bankruptcy court "grant[s] the debtor a discharge of all debts provided for by the plan or disallowed." 11 U.S.C. § 1328(a). Thus, at the end of the process the debtor receives the "fresh start" contemplated by the Bankruptcy Code.

B.

Congress enacted the FDCPA to eliminate abusive debt collection practices and to ensure that debt collectors who refrain from such practices are not competitively disadvantaged. 15 U.S.C. § 1692(a), (e). The FDCPA regulates the conduct of "debt collectors," defined to include "any person who uses any

7

instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." Id. § 1692a(6). Among other things, the FDCPA prohibits debt collectors from using "any false, deceptive, or misleading representation or means in connection with the collection of any debt," and from using "unfair or unconscionable means to collect or attempt to collect any debt." Id. §§ 1692e-1692f. The statute provides a non-exhaustive list of conduct that is deceptive or unfair (e.g., falsely implying that the debt collector is affiliated with the United States, id. § 1692e(1)). Debt collectors who violate the FDCPA are liable for actual damages, statutory damages of up to $1,000, and attorney's fees and costs. See id. § 1692k(a).


                                    C.

     Federal courts have consistently held that a debt collector violates the FDCPA by filing a lawsuit or threatening to file a lawsuit to collect a time-barred debt. See Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1259-60 (11th Cir. 2014) (collecting cases), cert. denied, 135 S. Ct. 1844 (2015). Appellants contend that filing a proof of claim on a time-barred debt in a bankruptcy proceeding similarly violates the FDCPA.

8

Atlas counters that filing a proof of claim is not debt collection activity and is therefore not subject to the FDCPA. Alas further argues that, even if the FDCPA applies, filing a proof of claim on a time-barred debt does not violate its provisions. These arguments are addressed in turn.

## III.

Atlas does not dispute that it is a debt collector but argues that filing a proof of claim does not constitute debt collection activity regulated by the FDCPA. See 15 U.S.C. § 1692e (prohibiting deceptive or misleading representations "in connection with the collection of any debt"); id. § 1692f (prohibiting unfair or unconscionable means "to collect or attempt to collect any debt"). Instead, Atlas contends that a proof of claim is merely a "request to participate in the bankruptcy process." Appellee's Br. 20.

Determining whether a communication constitutes an attempt to collect a debt is a "commonsense inquiry" that evaluates the "nature of the parties' relationship," the "[objective] purpose and context of the communication[]," and whether the communication includes a demand for payment. Gburek v. Litton Loan Servicing LP, 614 F.3d 380, 385 (7th Cir. 2010); see also Olson v. Midland Funding, LLC, 578 F. App'x 248, 251 (4th Cir. 2014) (citing Gburek factors approvingly). Here, the "only

9

relationship between [the parties] [is] that of a debtor and debt collector." Olson, 578 F. App'x at 251. Moreover, the "animating purpose" in filing a proof of claim is to obtain payment by sharing in the distribution of the debtor's bankruptcy estate. See Grden v. Leikin Ingber & Winters PC, 643 F.3d 169, 173 (6th Cir. 2011); 4-501 Collier ¶ 501.01. This fits squarely within the Supreme Court's understanding of debt collection for purposes of the FDCPA. See Heintz v. Jenkins, 514 U.S. 291, 294 (1995) (explaining that in ordinary English, an attempt to "collect a debt" is an attempt "to obtain payment or liquidation of it, either by personal solicitation or legal proceedings" (quoting Black's Law Dictionary 263 (6th ed. 1990))). Precedent and common sense dictate that filing a proof of claim is an attempt to collect a debt. The absence of an explicit demand for payment does not alter that conclusion, Gburek, 614 F.3d at 382, nor does the fact that the bankruptcy court may ultimately disallow the claim.

Atlas argues that treating a proof of claim as an attempt to collect a debt would conflict with the Bankruptcy Code's automatic stay provision. The automatic stay provides that filing a bankruptcy petition "operates as a stay" of "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case." 11 U.S.C. § 362(a)(6). Atlas argues that if filing a proof of claim were

10

an act to collect debt, then such filing would violate the automatic stay, "an absurd result." Appellee's Br. 21.

Atlas's quandary is easily resolved as the automatic stay simply bars actions to collect debt <u>outside</u> of the bankruptcy proceeding. <u>See, e.g.</u>, <u>Cent. States, Se. & Sw. Areas Pension Fund v. Basic Am. Indus., Inc.</u>, 252 F.3d 911, 918 (7th Cir. 2001) ("'[D]emanding' payment from a debtor in bankruptcy other than in the bankruptcy proceeding itself is normally a violation of the automatic stay"); <u>Campbell v. Countrywide Home Loans, Inc.</u>, 545 F.3d 348, 354 (5th Cir. 2008) (explaining that the automatic stay "merely suspends an action to collect the claim outside the procedural mechanisms of the Bankruptcy Code"). The automatic stay helps channel debt collection activity into the bankruptcy process. It does not strip such activity of its debt collection nature for purposes of the FDCPA.

Finally, Atlas argues that filing a proof of claim is not an attempt to collect debt because the proof of claim is directed to the bankruptcy court and trustee rather than to the debtor. However, collection activity directed toward someone other than the debtor may still be actionable under the FDCPA. <u>See, e.g.</u>, <u>Sayyed v. Wolpoff & Abramson</u>, 485 F.3d 226, 232-33 (4th Cir. 2007) (finding that FDCPA "plainly" applies to communications made by debt collector to debtor's counsel rather than debtor); <u>Horkey v. J.V.D.B. & Assocs., Inc.</u>, 333 F.3d 769,

11

774 (7th Cir. 2003) (finding that debt collector's phone call to debtor's co-worker was "in connection with the collection of a debt" where purpose of the call was to induce debtor to settle her debt). Although a proof of claim is filed with the bankruptcy court, it is done with the purpose of obtaining payment from the debtor's estate. That the claim is paid by the debtor's estate rather than the debtor personally is irrelevant for purposes of the FDCPA. See 15 U.S.C. §§ 1692e, 1692f (prohibiting the use of deceptive or unfair means to collect "any debt," without specifying a payor).

Accordingly, we find that filing a proof of claim is debt collection activity regulated by the FDCPA.


IV.

We next consider whether filing a proof of claim based on a debt that is beyond the applicable statute of limitations violates the FDCPA. Deciding this issue requires closer examination of the claims process in bankruptcy.

The Federal Rules of Bankruptcy Procedure specify the form, content, and filing requirements for a valid proof of claim. See, e.g., Fed. R. Bankr. P. 3001. A properly filed proof of claim is prima facie evidence of the claim's validity, and the claim is "deemed allowed" unless "a party in interest" objects. 11 U.S.C. § 502. The bankruptcy trustee and debtor are parties

12

in interest who may object.[4]  Indeed, the trustee has a statutory
duty to "examine proofs of claims and object to the allowance of
any claim that is improper." <u>Id.</u> § 704(a)(5).

If objected to, the Code disallows claims based on time-
barred debts.  <u>See</u> <u>id.</u> § 502(b)(1) (stating that a claim shall
be disallowed if it is "unenforceable against the debtor . . .
under any agreement or applicable law"); <u>id.</u> § 558 (stating that
the bankruptcy estate has "the benefit of any defense available
to the debtor . . . including statutes of limitation").  As
previously noted, debts that are "provided for by the plan <u>or</u>
<u>disallowed</u> under section 502" may be discharged.  <u>Id.</u> § 1328
(emphasis added).

Appellants contend that the FDCPA should be applied to
prohibit debt collectors from filing proofs of claim on time-
barred debts.  Appellants argue that a time-barred debt is not a
"claim" within the meaning of the Bankruptcy Code and that
filing claims on time-barred debts is an abusive practice

---

[4] While the parties do not address the issue, it appears
that creditors are also parties in interest who may object to a
claim filed by another creditor.  <u>See, e.g.</u>, <u>Adair v. Sherman</u>,
230 F.3d 890, 894 n.3 (7th Cir. 2000) ("Parties in interest
include not only the debtor, but anyone who has a legally
protected interest that could be affected by a bankruptcy
proceeding. Therefore, if one creditor files a potentially
fraudulent proof of claim, other creditors have standing to
object to the proof of claim." (citation omitted)); <u>In re Varat
Enters., Inc.</u>, 81 F.3d 1310, 1317 n.8 (4th Cir. 1996) ("All
creditors of a debtor are parties in interest.").

because such claims are seldom objected to and therefore receive payment from the bankruptcy estate to the detriment of the debtor and other creditors. Atlas, meanwhile, argues that a time-barred debt is a valid "claim" and that filing such a claim should not be prohibited because only debts that are treated in the bankruptcy system may be discharged.

### A.

The Bankruptcy Code defines the term "claim" broadly to mean a "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5)(A). By using the "broadest possible definition," the Code "contemplates that all legal obligations of the debtor, no matter how remote or contingent, will be able to be dealt with in the bankruptcy case," thereby providing the debtor the "broadest possible relief." H.R. Rep. No. 95-595, p. 309 (1977); S. Rep. No. 95-989, p. 22 (1978).

"[W]hen the Bankruptcy Code uses the word claim . . . it is usually referring to a right to payment recognized under state law." Travelers Cas. & Sur. Co. of Am. v. Pac. Gas & Elec. Co., 549 U.S. 443, 451 (2007) (quotation omitted). Under Maryland law, the statute of limitations "does not operate to extinguish

14

[a] debt, but to bar the remedy." Potterton v. Ryland Grp.,
Inc., 424 A.2d 761, 764 (Md. 1981) (quotation omitted); see also
Higginbotham v. Pub. Serv. Comm'n of Md., 985 A.2d 1183, 1191
(Md. 2009) ("[W]e have regarded limitations as not denying the
plaintiff's right of action, but only the exercise of the
right." (quotation omitted)).    Indeed, a stale debt may be
revived if the debtor sufficiently acknowledges the debt's
existence.    Potterton, 424 A.2d at 764; see also FTC, Time-
Barred Debts (July 2013), https://www.consumer.ftc.gov/articles/
0117-time-barred-debts ("Although the [debt] collector may not
sue you to collect [a time-barred] debt, you still owe it.  The
collector can continue to contact you to try to collect . . . .
[and] [i]n some states, if you pay any amount on a time-barred
debt or even promise to pay, the debt is 'revived.'") (saved as
ECF opinion attachment).    Thus, under Maryland law, a time-
barred debt still constitutes a "right to payment" and therefore
a "claim" that the holder may file under the Bankruptcy Code.[5]

---

[5] Appellants suggest that "by filing proofs of claim on
time-barred debt, Atlas is trying to trick debtors into
unwittingly reviving the statute [of limitations]." Appellants'
Reply Br. 4.  Regardless of whether this is Atlas's intent, it
is difficult to see how a creditor's filing a proof of claim
would constitute acknowledgement of the debt by the debtor,
particularly when there is persuasive authority that a debtor
does not revive a time-barred debt by listing it in his
bankruptcy schedules.  See, e.g., Biggs v. Mays, 125 F.2d 693,
697-98 (8th Cir. 1942); In re Povill, 105 F.2d 157, 160 (2d Cir.
1939).

Appellants note that a debt must be enforceable to constitute a claim, citing the Supreme Court's statement that "[t]he plain meaning of a 'right to payment' is nothing more nor less than an enforceable obligation." Pa. Dep't of Pub. Welfare v. Davenport, 495 U.S. 552, 559 (1990). However, we do not read the Supreme Court's statement to mean that a debt must be enforceable in court to be a claim. Indeed, the Bankruptcy Code treats debts that are "contingent" or "unmatured" as claims notwithstanding that such debts are not presently enforceable in court. 11 U.S.C. § 101(5)(A). Furthermore, in Davenport, the Supreme Court found restitution orders to be claims even though "neither the Probation Department nor the victim can enforce restitution obligations in civil proceedings." 495 U.S. at 558. Instead, such obligations are enforced by the "substantial threat of revocation of probation and incarceration." Id.

It is also notable that while the Bankruptcy Code provides that time-barred debts are to be disallowed, see, e.g., 11 U.S.C § 558, the Code nowhere suggests that such debts are not to be filed in the first place. Indeed, the Bankruptcy Rules were recently amended to facilitate the assessment of a claim's timeliness by requiring that claims such as the ones at issue in this appeal be filed with a statement setting forth the last transaction date, last payment date, and charge-off date on the account. Fed. R. Bankr. P. 3001, advisory committee notes to

16

2012 Amendments (discussing filing requirements for claims based on open-end or revolving consumer credit agreements).  This Rule suggests the Code contemplates that untimely debts will be filed as claims but ultimately disallowed.  Lastly, excluding time-barred debts from the scope of bankruptcy "claims," and thus excluding them from the bankruptcy process, would frustrate the Code's "intended effect to define the scope of the term 'claim' as broadly as possible," 2-101 <u>Collier</u> ¶ 101.05, and thereby provide the debtor the broadest possible relief.  Accordingly, we conclude that when the statute of limitations does not extinguish debts, a time-barred debt falls within the Bankruptcy Code's broad definition of a claim.


                              B.

     Next, we consider whether filing a proof of claim on a time-barred debt violates the FDCPA notwithstanding that the Bankruptcy Code permits such filing.  As noted above, the FDCPA has been interpreted to prohibit filing a lawsuit on a time-barred debt.  The rationale has been explained as follows:

> As with any defendant sued on a stale claim, the passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that she will no longer have personal records detailing the status of the debt. Indeed, the unfairness of such conduct is particularly clear in the consumer context where courts have imposed a heightened standard of care—that sufficient to protect the least sophisticated consumer. Because

                              17

few unsophisticated consumers would be aware that a statute of limitations could be used to defend against lawsuits based on stale debts, such consumers would unwittingly acquiesce to such lawsuits. And, even if the consumer realizes that she can use time as a defense, she will more than likely still give in rather than fight the lawsuit because she must still expend energy and resources and subject herself to the embarrassment of going into court to present the defense; this is particularly true in light of the costs of attorneys today.

Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1487 (M.D. Ala. 1987); see also Crawford, 758 F.3d at 1260; Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1079 (7th Cir. 2013).[6]

We note at the outset a unique consideration in the bankruptcy context: if a bankruptcy proceeds as contemplated by the Code, a claim based on a time-barred debt will be objected to by the trustee, disallowed, and ultimately discharged, thereby stopping the creditor from engaging in any further

---

[6] The Eleventh Circuit in Crawford is the only court of appeals to hold that filing a proof of claim on a time-barred debt in a Chapter 13 proceeding violates the FDCPA. 758 F.3d at 1256-57. The Eighth Circuit has "reject[ed] extending the FDCPA to time-barred proofs of claim," Nelson v. Midland Credit Mgmt., Inc., No. 15-2984, 2016 WL 3672073, at *2 (8th Cir. July 11, 2016), and the Second Circuit has broadly held that "filing a proof of claim in bankruptcy court (even one that is somehow invalid) cannot constitute the sort of abusive debt collection practice proscribed by the FDCPA." Simmons v. Roundup Funding, LLC, 622 F.3d 93, 95 (2d Cir. 2010). Other circuits are presently considering the issue. See, e.g., Owens v. LVNV Funding, LLC, No 14-cv-02083, 2015 WL 1826005 (S.D. Ind. Apr. 21, 2015), appeal docketed, No. 15-2044 (7th Cir. May 13, 2015); Torres v. Asset Acceptance, LLC, 96 F. Supp. 3d 541 (E.D. Pa. 2015), appeal docketed, No. 15-2132 (3d Cir. May 13, 2015).

18

collection activity.[7] If the debt is unscheduled and no proof of claim is filed, the debt continues to exist and the debt collector may lawfully pursue collection activity apart from filing a lawsuit. This is detrimental to the debtor and undermines the bankruptcy system's interest in "the collective treatment of all of a debtor's creditors at one time." 1 Norton Bankr. L. & Prac. 3d § 3:9. Clearly, then, when a time-barred debt is not scheduled the optimal scenario is for a claim to be filed and for the Bankruptcy Code to operate as written.

Appellants complain, however, that trustees often lack the time and resources to examine each proof of claim and object to those that are based on time-barred debts. See Appellants' Br. 17-18 (explaining that Maryland has only three Chapter 13 trustees to manage approximately 5,000 cases per year, with approximately 10 proofs of claim filed in each case). Debt collectors like Atlas purportedly take advantage of this by filing claims on stale debts in hopes that the claims will go unnoticed and receive some payment from the bankruptcy estate. When successful, these debt collectors reduce the amount of money available to legitimate creditors and may sometimes cause debtors to pay more into their Chapter 13 plans.

---

[7] By contrast, raising a statute of limitations defense may defeat a lawsuit to collect a time-barred debt but would not extinguish the debt or necessarily prevent collection activity.

We appreciate the harm that can be wrought if time-barred claims go unnoticed. However the solution, in our view, is not to impose liability under the FDCPA that would categorically bar the filing of such claims, but to improve the Code's administration such that it operates as written.[8] This may be accomplished, for example, by allocating additional resources to trustees or through action of the United States Trustee, who appoints and supervises all Chapter 13 trustees. 28 U.S.C. § 586.

Another consideration that counsels against finding FDCPA liability is that, for most Chapter 13 debtors, the amount they pay into their bankruptcy plans is unaffected by the number of unsecured claims that are filed. Chapter 13 debtors typically do not enter into 100 percent repayment plans; thus, their unsecured creditors receive only partial payment of their claims, with the remainder being discharged. See 8-1328 Collier ¶ 1328.02 ("Congress clearly contemplated chapter 13 plans paying little or nothing on unsecured debts . . . ."). As additional claims are filed, unsecured creditors receive a smaller share of available funds but the total amount paid by

---

[8] Indeed, if Appellants are correct that trustees are failing to fulfill their statutory duty to examine and object to improper claims, this is surely producing adverse consequences beyond the context of time-barred debts.

the debtor remains unchanged.  Thus, from the perspective of most Chapter 13 debtors, it may in fact be preferable for a time-barred claim to be filed <u>even if</u> it is not objected to, as the debtor will likely pay the same total amount to creditors and the debt can be discharged.  <u>See</u> <u>In re Gatewood</u>, 533 B.R. 905, 909 (8th Cir. BAP 2015) (explaining that "debtors have less at stake in claims allowance than they would when facing enforcement of an adverse judgment in a collection action" because the allowance of additional claims would not affect the total amount the debtor would pay).[9]

Various other considerations also differentiate filing a proof of claim on a time-barred debt from filing a lawsuit to collect such debt.  First, the Bankruptcy Rules require claims like the ones filed by Atlas to accurately state the last transaction and charge-off date on the account, making untimely claims easier to detect and relieving debtors from the burden of producing evidence to show that the claim is time-barred.[10]

---

[9] As noted above, the FDCPA was enacted in part to protect scrupulous debt collectors from unfair competition.  However, bankruptcy creditors are sophisticated entities that may object to improper claims.  Thus, we will not invoke the FDCPA solely on their behalf when, as discussed above, there are reasons not to do so on behalf of bankruptcy debtors.

[10] There is no allegation that Atlas filed inaccurate proofs of claim.  A debt collector who supplies false dates to obscure a claim's staleness may well violate the FDCPA.  However, we have no occasion to consider that issue today.

Second, a bankruptcy debtor is protected by a trustee and often by counsel who are responsible for objecting to improper claims even if, as Appellants argue, they currently do not always do so. Third, unlike a debtor who is unwillingly sued, a Chapter 13 debtor voluntarily initiates the bankruptcy case, diminishing concerns about the embarrassment the debtor may feel in objecting to a stale claim. In sum, the reasons why it is "unfair" and "misleading" to sue on a time-barred debt are considerably diminished in the bankruptcy context, where the debtor has additional protections and potentially benefits from having the debt treated in the bankruptcy process.

Lastly, Appellants concede that a debt collector would not violate the FDCPA by filing a proof of claim on a time-barred debt that the debtor had scheduled and did not designate as "disputed." Appellants explain that scheduling a debt as undisputed is an "invitation to participate" because it provides "'notice to a creditor that its debt will be paid . . . in accordance with the filed proof of claim, claims objection process, and other bankruptcy provisions.'" Appellants' Br. 28 n.14 (quoting Vaughn, 536 B.R. at 678). However, such notice is sent whether a scheduled debt is disputed or not. Moreover, a time-barred debt that is disputed is less likely to be inadvertently allowed. Thus, we see no reason to attach FDCPA liability to a claim filed on a time-barred debt that is

scheduled as disputed.  Finally, the interests in discharge and collective treatment of claims discussed above convince us that FDCPA liability should not attach where a debtor fails to schedule a time-barred debt.

We conclude that filing a proof of claim in a Chapter 13 bankruptcy based on a debt that is time-barred does not violate the FDCPA when the statute of limitations does not extinguish the debt.[11]

V.

For the foregoing reasons, we affirm the district court's dismissal of Appellants' FDCPA and MCDCA claims.

AFFIRMED

---

[11] In light of this decision, we do not reach Atlas's argument that the Bankruptcy Code precludes the FDCPA and preempts the MCDCA from applying to the filing of a proof of claim.

DIAZ, Circuit Judge, dissenting:

I join Part III of the majority opinion, which concludes that filing a proof of claim is debt-collection activity regulated by the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. § 1692 et seq.

And while I agree that Atlas's time-barred claim is a "claim" under the Bankruptcy Code (as the majority concludes in Part IV.A), I cannot agree that Atlas's alleged conduct is consistent with the FDCPA (or the Maryland Consumer Debt Collection Act (MCDCA), Md. Code Ann., Com. Law § 14-201 et seq.).[1] Atlas buys the time-barred debt of people in bankruptcy and tries to collect by filing proofs of claim in their bankruptcy proceedings. As Atlas concedes, these claims should fail—the debt is unenforceable in court. But, absent objection, the Bankruptcy Code automatically allows all properly filed claims. 11 U.S.C. § 502. So Atlas plays the odds, representing itself as entitled to part of the debtors' estates. If someone notices the claims and objects, as happened here, Atlas grins sheepishly—"You caught me!"—and admits that the claim is meritless. But if the claim slips through, Atlas uses the bankruptcy court to garner a payoff on unenforceable debts. In

---

[1] I join the majority in analyzing the FDCPA and MCDCA claims together, as the parties do.

my view, this sharp practice is misleading and unfair to debtors and other creditors, and it gives rise to a cause of action under the FDCPA.

Moreover, I would hold that the Bankruptcy Code does not impliedly repeal the FDCPA or preempt the MCDCA. Accordingly, I would vacate the opinion of the district court and remand for further proceedings.

### I.

The FDCPA aims to "protect[] consumers from abusive and deceptive practices by debt collectors, and . . . non-abusive debt collectors from competitive disadvantage." United States v. Nat'l Fin. Servs., Inc., 98 F.3d 131, 135 (4th Cir. 1996). The statute prohibits a wide variety of collection tactics, including the use of "any false, deceptive, or misleading representation or means" of debt collection, 15 U.S.C. § 1692e, and "unfair or unconscionable means to collect or attempt to collect any debt," § 1692f.

Although the FDCPA enumerates specific examples of these broad prohibitions, it does so "[w]ithout limiting [their] general application." Id. For example, "[t]he false representation of . . . the character, amount, or legal status of any debt" is a specific violation of the general ban on false, deceptive, or misleading representations. § 1692e(2)(A).

25

But Congress chose not to limit the general prohibitions, to "enable the courts, where appropriate, to proscribe other improper conduct which is not specifically addressed." Stratton v. Portfolio Recovery Assocs., LLC, 770 F.3d 443, 450 (6th Cir. 2014) (quoting S. Rep. No. 95-382 at 4 (1977), as reprinted in 1977 U.S.C.C.A.N. 1695, 1698).

One such court-imposed proscription applies to lawsuits to collect time-barred debt. Crawford v. LVNV Funding, LLC, 758 F.3d 1254, 1259-60 & n.6 (11th Cir. 2014) (citing cases). Such lawsuits raise two major concerns in the consumer context. First, the "least sophisticated consumer"—from whose vantage point we view FDCPA communications, see Russell v. Absolute Collection Servs., Inc., 763 F.3d 385, 394 (4th Cir. 2014)—may be unaware of the existence of a statute-of-limitations defense and may therefore "unwittingly acquiesce to such lawsuits," Kimber v. Fed. Fin. Corp., 668 F. Supp. 1480, 1487 (M.D. Ala. 1987). Second, "the passage of time not only dulls the consumer's memory of the circumstances and validity of the debt, but heightens the probability that [the consumer] will no longer have personal records detailing the status of the debt." Phillips v. Asset Acceptance, LLC, 736 F.3d 1076, 1079 (7th Cir. 2013) (quoting Kimber, 668 F. Supp. at 1487).

These same considerations support recognizing FDCPA liability for filing time-barred claims on unscheduled debts in

26

bankruptcy.[2] <u>Crawford</u>, 758 F.3d at 1260-61.  <u>But see</u> <u>Nelson v.</u>
<u>Midland Credit Mgmt., Inc.</u>, No. 15-2984, 2016 WL 3672073, at *2
(8th Cir. July 11, 2016) (published opinion) (refusing to
"extend[] the FDCPA to time-barred proofs of claim" because the
Bankruptcy Code's "protections against harassment and deception
satisfy the relevant concerns of the FDCPA").  Here, where the
proofs of claim provide enough information to determine the debt
is time barred, the first consideration is of particular
importance.  An unsophisticated debtor reviewing a proof of
claim may be unaware of the statute-of-limitations defense and—
perhaps not appreciating the legal significance of even
accurately listed last-transaction and charge-off dates—may
nevertheless "acquiesce" to the claims.

    While some courts have found the role of the bankruptcy
trustee in weeding out time-barred claims critical in
distinguishing the bankruptcy context from civil lawsuits, <u>see,</u>
<u>e.g.</u>, <u>Nelson</u>, 2016 WL 3672073, at *2, I am not persuaded.  At
best, a debt collector who files such a claim wastes the
trustee's time.  At worst, the debt collector catches the
trustee asleep at the switch and collects on an invalid claim to

---

    [2] As the debtors concede, their case might be different had
they scheduled these debts with the bankruptcy court, an action
that might be seen as an invitation to a creditor to file a
claim.

the detriment of other creditors and, in many cases, the debtor. In either case, the debt collector misleadingly represents to the debtor that it is entitled to collect through bankruptcy when it is not.

Moreover, there is reason to doubt the efficacy of the trustee as a vigilant steward of the debtor's estate. See, e.g., In re Edwards, 539 B.R. 360, 365 (Bankr. N.D. Ill. 2015) ("Chapter 13 trustees in this district do not object to proofs of claim based on statute of limitations defenses. This is not surprising because objecting to claims based on affirmative defenses would require trustees to examine the details of virtually every unsecured proof of claim, which is simply impracticable."). Indeed, if trustees performed their duties flawlessly, Atlas would have little incentive to engage in its scheme.

Like filing a lawsuit on time-barred debt, Atlas's alleged debt-collection activity in this case is precisely the sort of unfair and misleading practice that Congress intended the courts to recognize as a violation. After the debtors entered bankruptcy, Atlas bought their debts, or rather, as the bill of sales said, "charged-off receivables." J.A. 58, 132, 143. All of these charged-off debts were more than five-years old, well outside Maryland's three-year statute of limitations. Nevertheless, Atlas filed proofs of claim to recover the

28

unenforceable debts in the bankruptcy court.   The relevance of
the statute of limitations was not lost on Atlas, which included
the following notice on two of the three proof-of-claim forms it
filed: "This proof of claim is being filed pursuant to 11 USC
Secs. 101(5), 501(a) and 502(b) as said claim may be outside of
the statute of limitations."   J.A. 55, 140.   Section 502(b)
explains that if a claim is objected to, the court will allow
the claim "except to the extent that . . . such claim is
unenforceable against the debtor and the property of the debtor,
under any agreement or applicable law." § 502(b)(1).  In short,
Atlas knew exactly what it was doing—exploiting a weakness in
the bankruptcy system and preying on potential error to collect
on debts where it should not.   The practice subverts a core
purpose of bankruptcy by diverting estate assets from the
creditors entitled to receive them.

    Atlas rather stunningly argues that it is doing a public
service: "[B]ut for Atlas' filing of its proofs of claim, those
debts would not be subject to discharge and at the conclusion of
Appellants' chapter 13 cases, Atlas could restart collection
activity with respect thereto so long as it does not otherwise
violate the FDCPA." Appellee's Br. at 40.  Really?  While the
statement is literally true, the (unintended) possibility that
the time-barred debts will be disallowed and discharged hardly
justifies Atlas's tactics.   Moreover, that the debtors did not

schedule the debts is some evidence that collection efforts have
stopped.   And it would not be surprising if they had; the time
for enforcement has passed, and the combination of the statute
of limitations and the FDCPA seriously limits what a debt
collector can do to recover old debts.   Ideally, debtors would
remember all their old debts, realize they were time barred,
schedule them as disputed, and see that they were disallowed.
But the FDCPA asks what the least sophisticated consumer would
do, not the ideal one.   Atlas's conduct games the bankruptcy
process; it does not ensure its integrity.

Accordingly, I would hold that Atlas's conduct constitutes
a violation of the FDCPA.   Such a holding would not impose a
great burden on debt collectors.   "[A] debt collector is not
liable in an action brought under the [FDCPA] if [it] can show
'the violation was not intentional and resulted from a bona fide
error notwithstanding the maintenance of procedures reasonably
adapted to avoid any such error.'"   Jerman v. Carlisle,
McNellie, Rini, Kramer & Ulrich LPA, 559 U.S. 573, 576 (2010)
(quoting 15 U.S.C. § 1692k(c)).   Atlas and other debt collectors
can avoid FDCPA liability by putting in place a reasonable
procedure to screen unscheduled, time-barred claims—if Atlas
already has such a procedure, it can prove it in the district
court.

II.

Because the majority determines that the FDCPA does not reach Atlas's conduct, it does not address the question whether—if the FDCPA on its own terms would apply to the filing of time-barred claims—the Bankruptcy Code nevertheless precludes such an action. To determine whether two federal statutes are compatible, we employ ordinary statutory interpretation principles. See POM Wonderful LLC v. Coca-Cola Co., 134 S. Ct. 2228, 2236 (2014). Because the circuits are split on this issue and the arguments have been made extensively on both sides, I explain briefly my position that the two statutes do not conflict in this instance.

The Second and Ninth Circuits have concluded that the Bankruptcy Code precludes certain FDCPA suits. Simmons v. Roundup Funding, LLC, 622 F.3d 93, 95-96 (2d Cir. 2010) (rejecting an FDCPA claim brought during the pendency of bankruptcy proceedings for the filing of an inflated proof of claim); Walls v. Wells Fargo Bank, N.A., 276 F.3d 502, 510-11 (9th Cir. 2002) (barring an FDCPA claim for post-bankruptcy debt collection in violation of the discharge order). Both rely on the comprehensive provisions and protections of the Bankruptcy Code to hold that it leaves no room for FDCPA claims. Simmons, 622 F.3d at 96; Walls, 276 F.3d at 510.

31

The Third, Seventh, and Eleventh Circuits have rejected the notion that FDCPA actions may not be brought in the context of bankruptcy.  Johnson v. Midland Funding LLC, Nos. 15-11240, 15-14116, 2016 WL 2996372, at *6 (11th Cir. May 24, 2016) (published opinion) (holding that the Bankruptcy Code does not impliedly repeal FDCPA actions for filing proofs of claim on time-barred debt); Simon v. FIA Card Servs., N.A., 732 F.3d 259, 274 (3d Cir. 2013) (permitting an FDCPA claim for the violation of the Bankruptcy Code's subpoena requirements); Randolph v. IMBS, Inc., 368 F.3d 726, 730-31 (7th Cir. 2004) (comparing the FDCPA and Bankruptcy Code and concluding they are compatible). In the view of these courts, the statutes do not expressly contradict one another, nor are they in "irreconcilable conflict" because "any debt collector can comply with both simultaneously." Randolph, 368 F.3d at 730; accord Johnson, 2016 WL 2996372, at *5-6; Simon, 732 F.3d at 273-74; see also Nat'l Ass'n of Home Builders v. Defs. of Wildlife, 551 U.S. 644, 662 (2007) ("While a later enacted statute . . . can sometimes operate to amend or even repeal an earlier statutory provision . . . , 'repeals by implication are not favored' and will not be presumed unless the 'intention of the legislature to repeal [is] clear and manifest.'" (third alteration in original) (quoting Watt v. Alaska, 451 U.S. 259, 267 (1981))).

I would side with the view of the Third, Seventh, and Eleventh Circuits, at least on the facts of this case. Atlas does not argue that the Bankruptcy Code expressly bars FDCPA remedies. Instead, it contends the statutes are irreconcilable: "[W]hat [the debtors] allege is prohibited by the FDCPA (the filing of a proof of claim with respect to a 'stale' debt) is expressly permitted by the Bankruptcy Code." Appellee's Br. at 34. But this argument is easily answered: Because the Bankruptcy Code does not <u>obligate</u> a creditor to file a proof of claim, a debt collector such as Atlas can comply with both statutes by not filing unscheduled, time-barred proofs of claim. See <u>Johnson</u>, 2016 WL 2996372, at *6; <u>Randolph</u>, 368 F.3d at 730.[3]

This conclusion is buttressed by our holding, in a somewhat different posture, that an FDCPA claim may be brought during bankruptcy proceedings. <u>Covert v. LVNV Funding, LLC</u>, 779 F.3d 242, 246-48 (4th Cir. 2015). In <u>Covert</u>, debtors filed suit under the FDCPA and MCDCA after the completion of their bankruptcies, alleging that a creditor had unlawfully filed proofs of claim without a debt-collection license. <u>Id.</u> at 245. We found the claims barred by res judicata because the debtors failed to raise them during the bankruptcy. <u>Id.</u> at 247-48.

---

[3] For similar reasons, I would hold that the Bankruptcy Code does not preempt the MCDCA.

33

Because res judicata applies to unraised claims only if they "could have been adjudicated in an earlier action," id. at 246, we necessarily determined that the debtors "could . . . have brought their affirmative claims for damages [under the FDCPA and MCDCA] during the bankruptcy process under Federal Rule of Bankruptcy Procedure 7001(1), which provides that 'a proceeding to recover money or property' may be brought as an adversary action," id. at 248. Similarly, I would hold that the Bankruptcy Code does not preclude or preempt the filing of the FDCPA and MCDCA claims in this case.


### III.

Because I believe the debtors state a claim under the FDCPA (and MCDCA), I would reverse and remand for further proceedings.

FEDERAL TRADE COMMISSION
CONSUMER INFORMATION
consumer.ftc.gov

# Time-Barred Debts

If you have old debts, collectors may not be able to sue you to collect on them. That's because debt collectors have a limited number of years — known as the statute of limitations — to sue you to collect. After that, your unpaid debts are considered "time-barred." According to the law, a debt collector cannot sue you for not paying a debt that's time-barred.

This gets tricky for consumers because the statute of limitations varies from state to state and for different kinds of debts. It is also tricky because, under certain circumstances, the clock can be reset, and the time period can be started fresh. That's why the Federal Trade Commission (FTC), the nation's consumer protection agency, says it's important to understand your rights if a debt collector contacts you about an old debt.

Under the federal Fair Debt Collection Practices Act (FDCPA), a debt collector is someone who regularly collects debts owed to others. This includes collection agencies, lawyers who collect debts on a regular basis, and companies that buy unpaid debts and then try to collect them. The term 'debt collector' doesn't include original creditors who collect their own debts.

No. 15-1945, viewed 07/08/2016

## When is an old debt too old for a collector to sue?

Typically, state law determines how long the statute of limitations lasts. Usually, the clock starts ticking when you fail to make a payment; when it stops depends on two things: the type of debt and the law that applies either in the state where you live or the state specified in your credit contract. For example, the statute of limitations for credit card debt in a few states may be as long as 10 years, but most states impose a period of three to six years. To determine the statute of limitations on different kinds of debts under each state's law, check with a legal aid lawyer, another attorney, or your State Attorney General's Office.

The statute of limitations for a debt is usually different from the reporting period for a debt on your credit report. In general, negative information stays on your credit report for seven years.

## What should I do if a debt collector calls about a time-barred debt?

Collectors are allowed to contact you about time-barred debts. They might tell you that the debt is time-barred and that they can't sue you if you don't pay.

If a collector doesn't tell you that a particular debt is time-barred — but you think that it might be — ask the collector if the debt is beyond the statute of limitations. If the collector answers your question, the law requires that his answer be truthful. Some collectors may decline to answer, however. Another question to ask a collector if you think that a debt might be time-barred is what their records show as the date of your last payment. This is important because it helps determine when the statute of limitations clock starts ticking. If a collector doesn't give

you this information, send him a letter within 30 days of receiving a written notice of the debt. Explain that you are 'disputing' the debt and that you want to 'verify' it. The more information you give the collector about why you are disputing the debt, the better. Collectors must stop trying to collect until they give you verification. Keep a copy of your letter and the verification you receive.

## Must I pay a debt that's considered time-barred?

The decision to pay a time-barred debt is up to you. You have options, but each one has consequences. Consider talking to a lawyer before you choose an option.

- **Pay nothing on the debt.** Although the collector may not sue you to collect the debt, you still owe it. The collector can continue to contact you to try to collect, unless you send a letter to the collector demanding that communication stop. Not paying a debt may make it harder, or more expensive, to get credit, insurance, or other services because not paying may lower your credit rating.
- **Make a partial payment on the debt.** In some states, if you pay **any amount** on a time-barred debt or even promise to pay, the debt is 'revived.' This means the clock resets and a new statute of limitations period begins. It also often means the collector can sue you to collect the full amount of the debt, which may include additional interest and fees.
- **Pay off the debt.** Even though the collector may not be able to sue you, you may decide to pay off the debt. Some collectors may be willing to accept less than the amount you owe to settle the debt, either in one large payment or a series of small ones. Make sure you get a signed form or letter from the collector **before** you make any payment. This document should state that the entire debt is being settled and that the amount to be paid will release you from any further obligation. Without this document, the amount paid may be treated as a partial payment on the debt, instead of a complete payment. Keep a record of the payments you make to pay off the debt.

## What should I do if I'm sued for a time-barred debt?

**Defend yourself in court.** If you're sued to collect on a time-barred debt, pay attention, and respond. Consider talking to an attorney. You or your attorney should tell the judge that the debt is time-barred and, as proof, provide a copy of the verification from the collector or any information you have that shows the date of your last payment. The lawsuit will be dismissed if the judge decides the debt is time-barred. In any case, don't ignore the lawsuit. If you do, the collector likely will get a court judgment against you, and possibly take money from your paycheck, bank account, or tax refund.

**Assert your FDCPA rights.** It's against the law for a collector to sue you or threaten to sue you on a time-barred debt. If you think a collector has broken the law, file a complaint with the FTC and your state Attorney General, and consider talking to an attorney about bringing your own private action against the collector for violating the FDCPA.

July 2013